UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 JOHNNY TROTTER, II, M.D.,
D-3 ELAINE LOVETT, and
D-4 MICHELLE FREEMAN

        Defendants.
_____/

Crim. No. 14-cr-20273

Hon. George Caram Steeh

**MOTION FOR A HEARING
FOR WAIVER TRIAL FOR
D-1 JOHNNY TROTTER, II, M.D.**

Through his counsel, Defendant JOHNNY TROTTER, II, M.D. respectfully request that the Court allow the Defendant D-1 to waive his right to a jury trial and for this matter to be heard and decided by the court.

1. Pursuant to the Federal Rules of Criminal Procedure (FRCP), this provides that:

   "Rule 23. Jury or Nonjury Trial
   (a) JURY TRIAL. If the defendant is entitled to a jury trial, the trial must be by jury unless:
      (1) the defendant waives a jury trial in writing;
      (2) the government consents; and
      (3) the court approves."

2. The Defendant further believes that under the circumstances the factual and legal intricacies of this particular case may render a jury incapable of providing a fair trial.

3. The Defendant also believes that a jury trial may also impose inordinate time and expense for both the defendant and the public.

WHEREFORE, the Defendant requests that this court shall grant a hearing to place upon the record whether the court finds the requirements set out in U.S. v. Martin are met and allow the Defendant to have a judicial hearing without a jury.

Respectfully submitted,

ROBERT E. HARRIS
*Counsel for Johnny Trotter, II, M.D.*

*/s/ Robert E. Harris*
20501 Livernois, #21249
Detroit, MI 48221
Tel.: (313) 288-9007
Robertharrisesq@gmail.com

Dated: June 8, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 JOHNNY TROTTER, II, M.D.,
D-3 ELAINE LOVETT, and
D-4 MICHELLE FREEMAN

   Defendants.
_____/

Crim. No. 14-cr-20273

Hon. George Caram Steeh

## DEFENDANT D-1 JOHNNY TROTTER, II, M.D.'S BRIEF IN SUPPORT OF HIS MOTION FOR A WAIVER TRIAL

That the Defendant, Trotter, is aware of his rights, the possible jeopardy, benefits and burdens of a jury versus a waiver trial. See, **Rule 39**. The provisions for express waiver of jury trial found in **U.S.C., Title 28**, [former] §773 (Trial of issues of fact; by court) are incorporated in this rule. See, See **NOTES OF ADVISORY COMMITTEE ON RULES—1937;** Liberty Oil Co. v. Condon Nat. Bank, 260 U.S. 235 (1922).

In U.S. v. Martin, 704 F.2d 267 (1983), the court suggests the following in Section III. under SUGGESTED PROCEDURE:

> "There is no constitutional requirement that a court conduct an on the record colloquy with the defendant prior to the jury trial waiver. See Scott, 583 F.2d 362. However, the manifest importance of the jury trial right and the unsatisfactory nature of collateral proceedings compels this Court to make the following suggestion. We implore the district courts to personally inform each defendant of the benefits and burdens of jury trials on the record prior to accepting a proffered waiver. See,

e.g., Witherspoon v. United States, 633 F.2d 1242, 1247 (6th Cir.1980); Estrada v. United States, 457 F.2d 255, 257 (7th Cir.1972); United States v. David, 511 F.2d 355, 361 (D.C.Cir.1975); United States v. Mitchell, 427 F.2d 1280, 1282 (3rd Cir.1970); United States v. Hunt, 413 F.2d 983, 984 (4th Cir.1969). At a minimum, a defendant should be informed that a jury is composed of 12 members of the community, he may participate in the selection of jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right. See United States v. Delgado, 635 F.2d 889, 890 (7th Cir.1981)." Id.

That there are about 150 file boxes of purported evidence and 2 terabytes of Emails, and additional evidence that the prosecution has proposed for trial. In response to this court's order for the AUSA to produce a list of exhibits it would likely use at trial, the AUSA, Bradylyons, has produced a list of 77 exhibits, of records, files, statements and manuals, as of May 1, 2015. At the same time, he (sic) has yet to determine Bank Summary and Medicare Data Summary exhibits. Atop this, on May 29, 2015, the AUSA has requested a 2-terabyte hard-drive to show Defendant, Trotter's email communications. This amounts to about 2,000,000,000 kilobytes. The average document page is 5,000 kilobytes. That translates to about 4,000 typewritten pages (no graphics). In addition, the AUSA has 1-terabyte of audio of interest to D-1 only. This amounts to about 17,000 hours of audio. See, en.wikipedia.org/wiki/**Terabyte**.  This is insane!

In addition to the impossibility of preparing a defense to such an onslaught, the Defendant's chances for a fair, impartial trial is further frustrated because this

case requires command of a difficult subject matter beyond the knowledge of the average nonprofessional.

WHEREFORE, D-1's reasons for wanting to be tried by a judge alone he feels is so compelling that should the Government insist he be tried by jury would deny him an impartial trial. Even with the guidance of experts over a trial of 5 – 8 weeks, a jury may be incapable of rendering a fair and reasoned verdict. For these and so many unarticulated reasons, the Defendant, D-1, Trotter, prays this court will allow him a waiver trial.

Respectfully submitted,

Signed [Robert E. Harris, Jr., P-46499]   June 8, 2015
Robert E. Harris, Jr.
Attorney for Defendant, D-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Crim. No. 14-cr-20273

Hon. George Caram Steeh

D-1 JOHNNY TROTTER, II, M.D.,
D-3 ELAINE LOVETT, and
D-4 MICHELLE FREEMAN

        Defendants.
_____/

PROOF OF SERVICE FOR MOTION AND BRIEF IN SUPPORT OF

WAIVER TRIAL

Being duly solomized, I, Robert E. Harris, Jr., P-46499, as an officer of the court swear and or affirm that I have attached MOTION FOR WAIVER TRIAL FOR TROTTER ONLY, BRIEF IN SUPPORT OF WAIVER TRIAL, and this PROOF OF SERVICE FOR MOTION AND BRIEF IN SUPPORT OF WAIVER TRIAL to each entity, attorney serviced in this matter per CM/ECF online, this 8th day of June 2015.

Affiant,
Signed [Robert E. Harris, Jr., P-46499]      June 8, 2015
Robert E. Harris, Jr.
Attorney for Defendant, D-1